MERRIL P. ARDEN, Respondent, *v.* RICHARD FREYDBERG et al., Appellants, et al., Defendants.

First Department, June 7, 1960.

*Solomon A. Klein* of counsel (*Julius Helfand* with him on the brief; *Gordon, Brady, Caffrey & Keller,* attorneys), for appellants.

*Irvin Waldman* for respondent.

*Per Curiam.* Plaintiff, a life insurance agent, alleges in his complaint that defendants-appellants promised him "and agreed with him that such [life] insurance would be written through and by him, regardless of any change in, alteration of, or substitution of any plan in place of the plan or plans he was thus required to work up and devise, so as to compensate him

for his services by the commissions payable and paid on effecting such insurance, the renewal commissions and other benefits." There was no agreement in writing between the parties. Plaintiff argues, however, that implicit in the conversations among and the course of conduct of the parties was an agreement that if plaintiff "worked up and devised" a plan of insurance that was accepted, he would secure the life insurance policies as defendants-appellants' agent and thus be compensated by means of the commissions payable upon such policies.

Defendants-appellants procured and paid for policies implementing a plan concededly worked up by plaintiff, but they placed the insurance through another broker. Plaintiff contends that there was an implied covenant that he would receive his compensation by way of commissions on the policies he wrote, and that defendants-appellants breached their agreement with him by wrongfully frustrating his right to earn such commissions. Plaintiff has recovered a judgment for a sum approximating the first year's commissions he would have earned had he placed the insurance.

The evidence presented upon the trial does not support the agreement alleged in the complaint. Giving plaintiff the benefit of all implications that can fairly be drawn from conversations among the parties, their course of conduct and the documents introduced into evidence, he has still failed to offer upon the trial sufficient proof of the unusual agreement he alleges in his complaint.

Whatever reservations one may entertain as to the business ethics of defendants-appellants in this situation or whether the Superintendent of Insurance should investigate the manner in which the insurance was placed, these are collateral matters that cannot serve to help spell out affirmatively the agreement so essential to plaintiff's recovery. At best, the conversations and conduct relied upon would indicate encouragement of plaintiff by defendants-appellants, whether in good faith or bad faith, to continue working on their insurance programs.

Accordingly, judgment in favor of plaintiff should be unanimously reversed, on the law and facts, and the complaint dismissed, with costs to defendants-appellants.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and STEVENS, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and the amended complaint dismissed, with costs to defendants-appellants.